# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GILL INDUSTRIES, INC. § § § | |
| Plaintiff, § § | |
| § | Case No. _____ |
| v. § § | |
| GEELY SWEDEN HOLDINGS AB, § VOLVO CAR AB, VOLVO CAR § CORPORATION, AND VOLVO § CAR USA, LLC, § § | **JURY TRIAL DEMANDED** |
| Defendants. § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Gill Industries, Inc. ("Gill" or "Plaintiff") files this Original Complaint against Defendants Geely Sweden Holdings AB, Volvo Car AB, Volvo Car Corporation, and Volvo Car USA, LLC (collectively, "Defendants") for patent infringement under 35 U.S.C. Section 271, alleging as follows:

### THE PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of Michigan, and maintains its principal place of business at 5271 Plainfield Ave. N.E., Grand Rapids, Michigan 49525.

2.      Gill manufactures and sells a variety of automotive components, including head restraints, as a Tier 1 and Tier 2 supplier to the automotive industry. Gill sells its automotive components throughout the world to original equipment manufacturers and their suppliers.

2.     Gill is the owner of all right, title, and interest in and to U.S. Patent No. 7845731 ("the '731 Patent").

3.     Upon information and belief, Defendant Geely Sweden Holdings AB is a Swedish corporation with a place of business at Box 1670, Stockholm, Sweden 111 96.

4.     Upon information and belief, Defendant Volvo Car AB is a Swedish automobile manufacturer with a place of business at VAK Building, Assar Gabrielssons väg, Goteborg, Sweden, SE-405 31.

5.     Upon information and belief, Defendant Volvo Car Corporation is a Swedish corporation with a place of business at VAK Building, Assar Gabrielssons väg, Goteborg, Sweden, SE-405 31.

6.     Upon information and belief, Defendant Volvo Car USA, LLC ("Volvo USA") is a Delaware corporation with a place of business at 1 Volvo Drive, Rockleigh, New Jersey 07647. Upon information and belief, Volvo USA is registered with the Secretary of State of Michigan to do business in the State of Michigan.

7.     Upon information and belief, Volvo USA engages in sales to Volvo dealers and others in the United States, including in this judicial district, of products that infringe the '731 Patent. Upon information and belief, at least Defendant Volvo USA has ratified the existence and operation of the aforesaid Volvo dealers, including by executing dealer agreements which, *inter alia*, set forth standards and requirements, enumerated by Volvo USA, with which the dealers are required to comply as a condition of the operation of their dealerships.

8.     Upon information and belief, Volvo USA regularly, continuously, and systematically provides support to, and exercises control over, the aforesaid Volvo dealers, including those located in this judicial district.

9. Upon information and belief, Volvo USA extends certain warranties to the owners of Volvo vehicles. In at least some cases, those warranties are conditioned on use of repair facilities authorized by Volvo USA. On information and belief, there are one or more such authorized repair facilities in this judicial district. Upon information and belief, service technicians employed at these facilities participate in Volvo USA-sponsored training programs, schools, and events.

10. Upon information and belief, Volvo USA provides Service and Warranty Booklets to Volvo customers, including those customers that purchase Volvo vehicles in this judicial district. Upon information and belief, these Service and Warranty Booklets direct customers, including those customers that purchase Volvo vehicles in this judicial district, to provide direct, written notification of any alleged unrepaired defects or malfunctions and service difficulties to Volvo USA's Customer Care Center.

11. Upon information and belief, Volvo USA and/or the other Defendants engage in marketing activities promoting the sale of Volvo-branded products in this judicial district. Upon information and belief, such marketing activities include, without limitation, interactive commercial websites through which Volvo USA and/or the other Defendants promote their products, including those products which infringe the '731 Patent.

## JURISDICTION AND VENUE

12. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. Section 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1338(a).

13. This Court has personal jurisdiction over the Defendants. Defendants conduct business and have committed acts of patent infringement, and/or have induced acts of patent infringement by others in this judicial district, and/or have contributed to patent infringement by

others in this judicial district, in the State of Michigan, and elsewhere in the United States.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391 and/or 28 U.S.C. Section 1400(b) because, among other things, Defendants are subject to personal jurisdiction in this judicial district, Defendants have regular and established places of business in the State of Michigan and in this judicial district, have purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Michigan, and certain of the acts complained of herein occurred in this judicial district. To the extent any Defendant is not a resident in the United States, venue as to that Defendant in this judicial district is also proper under 28 U.S.C. Section 1391(c).

15. Defendants are subject to this Court's jurisdiction pursuant to due process and/or the Michigan Long Arm Statute, at least due to their substantial business in this State and this judicial district, including (a) at least part of the infringing activities, (b) regularly doing or soliciting business in Michigan, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Michigan.

## PATENT-IN-SUIT

16. On December 7, 2010, the United States Patent and Trademark Office duly and legally issued the '731 Patent, entitled "Foldable Head Restraint." The '731 Patent is owned by Plaintiff Gill and is, moreover, valid and subsisting.

17. The claims of the '731 Patent comprehend a head restraint support of a foldable head restraint assembly; that is, the component of the head restraint which support the headrest above the seat. The head restraint support includes a substantially elongated first portion, and a curved second portion that is integrally formed with and extends from a lower end of the substantially elongated first portion. A plastic layer is molded over the substantially elongated first

portion and no more than a portion of the curved second portion, thereby leaving uncovered by the plastic layer a remainder of the curved second portion that is connectable to a bracket of the foldable head restraint assembly for rotational movement of the head restraint support relative thereto.

18. Gill manufactures and sells, and has for years manufactured and sold, to customers throughout the United States and the world head restraints the construction of which is comprehended by one or more claims of the '731 Patent. Due to features of these head restraints that are comprehended by one or more claims of the '731 Patent, Gill's said head restraints have been very well received in the automotive industry and Gill enjoys a prominent position in the United States market for head restraints. A representative example of a head restraint currently offered for sale by Gill and comprehended by one or more claims of the '731 Patent is shown below.



## FACTUAL ALLEGATIONS

19. The '731 Patent generally covers a head restraint support of a foldable head restraint assembly.

20. Defendants manufacture and import into the United States, and sell and/or offer to sell to customers in the United States, including this judicial district, vehicles including certain head restraints with plastic over-molded supports (hereafter "the Volvo Head Restraints"). These head restraints Volvo purchases from third-party suppliers including, but not limited to, Kongsberg Automotive.

21. The Volvo Head Restraints are sold in at least Volvo XC60-model vehicles.

22. The Volvo Head Restraints include supports having a substantially elongated first portion and a curved second portion that is integrally formed with and extends from a lower end of the substantially elongated first portion. A plastic layer is molded over the substantially elongated first portion and no more than a portion of the curved second portion, thereby leaving uncovered by the plastic layer a remainder of the curved second portion that is connectable to a bracket of the foldable head restraint assembly for rotational movement of the head restraint support relative thereto. Photographs of the internal mechanism of an exemplary (though not necessarily the only version) Volvo Head Restraint are shown below:





## COUNT I

### (Direct Infringement of the '731 Patent)

23. Paragraphs 1 through 22 are incorporated by reference herein as if fully set forth in their entireties.

24. Gill has not licensed or otherwise authorized Defendants, or any of them, to make, use, offer for sale, sell, or import any products that embody the inventions of the '731 Patent.

25. One or more of the Defendants have directly infringed, and continue to directly infringe, one or more claims of the '731 Patent, including claims 1 and 20, either literally or under the Doctrine of Equivalents, by making, using, offering to sell, selling and/or importing into the United States vehicles (including, without limitation, model XC60 vehicles) including infringing Volvo Head Restraints, all without authority and in violation of 35 U.S.C. Section 271.

26.     Gill has suffered damages as a result of Defendants' infringement of the '731 Patent in an amount to be proved at trial.

27.     Gill has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '731 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

28.     Defendants have committed and continue to commit acts of infringement that Defendants actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '731 Patent. Upon information and belief, Defendants had actual knowledge of the '731 Patent. Defendants' infringement of the '731 Patent has been and continues to be willful, entitling Gill to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## COUNT I

### (Indirect Infringement of the '731 Patent)

29.     Paragraphs 1 through 28 are incorporated by reference herein as if fully set forth in their entireties.

30.     Gill has not licensed or otherwise authorized Defendants, or any of them, to make, use, offer for sale, sell, or import any products that embody the inventions of the '731 Patent.

31.     One or more of the Defendants have and continue to indirectly infringe one or more claims of the '731 Patent by knowingly and intentionally inducing others, including others of the Defendants, to directly infringe, either literally or under the Doctrine of Equivalents, by making, using, offering to sell, selling and/or importing into the United States the infringing Volvo Head Restraints. For example, one or more of the Defendants, with knowledge that the Volvo Head Restraints infringe the '731 Patent at least as of the date of this Complaint, knowingly and

intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '731 Patent by their active participation in the manufacture and international distribution of vehicles including the infringing Volvo Head Restraints. Such conduct was undertaken with the intent to cause infringing acts by others, including others of the Defendants, or, in the alternative, with the belief that there was a high probability that others, including others of the Defendants, infringe the '731 Patent, but while remaining willfully blind to the infringement.

32. Gill has suffered damages as a result of Defendants' infringement of the '731 Patent in an amount to be proved at trial.

33. Gill has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '731 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

34. Defendants have committed and continue to commit acts of infringement that Defendants actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '731 Patent. Upon information and belief, Defendants had actual knowledge of the '731 Patent. Defendants' infringement of the '731 Patent has been and continues to be willful, entitling Gill to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gill prays for relief against Defendants as follows:

A. Entry of judgment declaring that Defendants have directly and/or indirectly

infringed one or more claims of the '731 Patent;

B. Entry of judgment declaring that Defendants' infringement of the '731 Patent has been willful and deliberate;

C. An order pursuant to 35 U.S.C. Section 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the '731 Patent;

D. An order awarding damages sufficient to compensate Gill for Defendants' infringement of the '731 Patent, but in no event less than a reasonable royalty, together with interest and costs;

E. An order awarding Gill treble damages under 35 U.S.C. Section 284 as a result of Defendants' willful and deliberate infringement of the '731 Patent;

F. Entry of judgment declaring that this case is exceptional and awarding Gill its costs and reasonable attorney's fees under 35 U.S.C. Section 285; and

G. Such other and further relief as the Court deems just and proper.

DICKINSON WRIGHT PLLC

By: /s/ Chris Mitchell
CHRISTOPHER A. MITCHELL
DICKINSON WRIGHT PLLC
200 OTTAWA AVE NW
SUITE 1000
Grand Rapids, Michigan 49503
616 336 1058
cmitchell@dickinsonwright.com
Attorneys for Plaintiff Gill Industries, Inc.

Dated: 17 July 2018

ANNARBOR 136320-88 246540v1